UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK THOMAS O'NEALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1297 AGF |
| | ) | |
| DEAN MINOR, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Patrick O'Neall for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon review, it appears that the motion is barred by the statute of limitations. As a result, the Court will order Petitioner to show cause why it should not be summarily dismissed. *See* 28 U.S.C. § 2254 Rule 4.

On October 20, 2011, Petitioner pled guilty to felony driving while intoxicated. *Missouri v. O'Neall*, No. 10BB-CR00999-02 (Warren County). The court suspended the execution of the sentence and placed him on probation for five years. *Id.*; *O'Neall v. Missouri*, No. ED103571 (Mo. Ct. App.) (Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), entered October 25, 2016). He did not file an appeal.

On April 11, 2013, the court revoked Petitioner's probation and ordered that he serve his fifteen-year sentence in the Missouri Department of Corrections. *O'Neall*, No. 10BB-CR00999-02. On September 9, 2013, he filed a motion for postconviction relief. *O'Neall*, No. ED103571. The court denied the motion, and he appealed. On October 25, 2016, the Missouri Court of Appeals affirmed. *Id.*

Petitioner filed the instant Petition on March 31, 2017, which is the date he placed it in the prison mailing system. In his Petition, he argues that his plea counsel was ineffective and that the trial court lacked jurisdiction over him.

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a).

In Missouri, a suspended execution of sentence is a final judgment. *Edwards v. Missouri*, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007). Therefore, Petitioner's judgment became final on October 30, 2011, and § 2244(d)'s limitations period expired on October 30, 2012.

Petitioner did not take any state court action before the limitations period expired. As a result, it appears that the Petition is time-barred. Petitioner has twenty-one days from the date of this Order to show cause why this action should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, no later than twenty-one (21) days from the date of this Order, Petitioner must show cause why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this Order, the Court will dismiss this action without further proceedings.

Dated this 17th day of August, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE