IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK THOMAS O'NEALL,            )
                                   )
            Petitioner,            )
                                   )
      v.                           )        Case No.  4:17-cv-01297-AGF
                                   )
DEAN MINOR,                        )
                                   )
            Respondent.            )

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Patrick Thomas O'Neall for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 20, 2011, Petitioner pled guilty to felony driving while intoxicated.  He was sentenced as an aggravated offender to 15 years in prison, but pursuant to his plea agreement, received a suspended execution of sentence and a five-year term of probation.

On April 11, 2013, following a hearing at which Petitioner appeared pro se, Petitioner's probation was revoked and his 15-year prison sentence executed due to his failure to complete an alternative court program that was a condition of his probation.

Petitioner filed this federal habeas petition on March 31, 2017.  The Court construes the petition as challenging both Petitioner's underlying conviction and his probation revocation.  For the reasons set forth below, the Court will deny habeas relief.

## BACKGROUND

On October 20, 2011, Petitioner pled guilty to felony driving while intoxicated. Petitioner was represented by privately retained counsel.  During the plea colloquy,

Petitioner stated under oath that he was guilty of the current charge and of the prior intoxication-related convictions described in the charge, that he had enough time to talk to his attorney about the case and had no complaint with the way his attorney handled the case, that he understood the rights he was giving up by pleading guilty, and that the trial court could impose any sentence within the range of punishment permitted by law, including "up to fifteen years in the penitentiary."  Resp. Ex. E at 25.

Petitioner was sentenced the same day as an aggravated offender to 15 years in prison, but pursuant to his plea agreement, the sentencing court suspended execution of the sentence and placed Petitioner on probation for five years.  A condition of Petitioner probation was to complete an alternative court program known as DWI court.  Petitioner did not file a direct appeal.

**State Probation Revocation Proceedings**

In October 2012, while still on probation, Petitioner was arrested for driving while his license was suspended, which was a violation of the DWI court's requirements.  As a result, in November 2012, he was terminated from DWI court.

The State then moved to revoke Petitioner's probation for failure to complete DWI court.  The probation court initially scheduled a hearing on the state's motion on November 8, 2012, but it continued the hearing twice at Petitioner's request, so that Petitioner could attempt to retain counsel.  The hearing was ultimately scheduled for April 11, 2013.

At the outset of the April 11, 2013 hearing, Petitioner informed the probation court judge that he had paid money to a private attorney but that the attorney refused to

2

represent him.  Resp. Ex. O at 2.  Petitioner also indicated that he had a potential witness who could testify as to the circumstances surrounding the driving incident for which Petitioner was terminated from DWI court.  Petitioner then apologized and stated that he "wanted to be ready" for the hearing.  *Id.*  The judge did not address Petitioner's comments and instead proceeded with the hearing.

At the hearing, the State presented the testimony of Petitioner's probation officer, who testified as to Petitioner's termination from DWI court.  Petitioner was permitted to and did cross examine the State's witness and testify on his own behalf, all while proceeding pro se.  Through his cross examination and his own testimony, Petitioner explained that he believed his termination from DWI court was unfair because the only reason he drove without a license was that the driver he was traveling with experienced a medical emergency and could not drive.

During his own testimony, Petitioner again explained that he had paid money to a private attorney and that he would "like to at least have some representation."  *Id.* at 12. After the close of evidence, Petitioner repeated that he would "like to at least get some type of legal representation."  *Id.* at 14.

The judge responded that he was "going to take the matter as submitted"  and that he was finding that Petitioner violated a condition of his probation by being terminated from DWI court.  *Id.*  The judge explained that he was the same judge that presided over Petitioner's initial intake into DWI court, as well as Petitioner's termination from that court.  The judge stated that Petitioner was aware from his participation in DWI court that driving a vehicle would be "immediate grounds for termination" from DWI court and that

3

even if there were a medical emergency, Petitioner should have called 911 rather than drive without a license. *Id.* at 14-16.

The judge then revoked Petitioner's probation and ordered that Petitioner's 15-year sentence be executed.

## State Post-Conviction Proceedings

On September 9, 2013, Petitioner filed a motion for postconviction relief.  He argued (1) that the probation court "was beyo[]nd its jurisdiction to revoke [Petitioner's] probation without counsel," Resp. Ex. E at 69, (2) that he received ineffective assistance of counsel in connection with his guilty plea, and (3) that his guilty plea was involuntary.

The motion court appointed counsel for Petitioner, and counsel requested and was granted an extension of time in which to file an amended motion for post-conviction relief.  Appointed counsel filed the amended motion on January 7, 2014, and raised only Petitioner's second and third claims, that plea counsel was ineffective and that Petitioner's guilty plea was involuntary.   The amended motion did not incorporate Petitioner's pro se claim regarding his probation revocation.

The motion court held an evidentiary hearing on March 5, 2015, at which Petitioner and Petitioner's plea counsel testified.  On September 21, 2015, the motion court denied Petitioner's amended motion for post-conviction relief, holding that Petitioner's claims were contradicted by his sworn admissions during the plea colloquy. The motion court did not address Petitioner's pro se motion.

On appeal from the denial of post-conviction relief, Petitioner, through appointed counsel, asserted only one claim: that the motion court erred in failing to conduct an

abandonment inquiry in order to determine whether appointed post-conviction counsel

abandoned Petitioner by filing an untimely amended motion.

On October 25, 2016, the Missouri Court of Appeals affirmed the motion court's

judgment.  In affirming the denial of post-conviction relief, the appellate court held that

the amended motion was timely filed under state law and, therefore, no abandonment

inquiry was necessary.  The post-conviction mandate was issued on December 23, 2016.

**State Habeas Proceedings**

On April 8, 2016, while his post-conviction motion was still pending on appeal,

Petitioner, through privately retained counsel, filed a petition for a writ of habeas corpus

in state court, under Missouri Supreme Court Rule 91, challenging his probation

revocation on four grounds.[1]

First, Petitioner argued that his probation was revoked in violation of his

constitutional right to counsel.  In an affidavit attached to his state habeas petition,

Petitioner explained that he paid a private attorney to represent him at the probation

revocation hearing, and that the attorney was in fact in court on the day of the hearing and

spoke with the judge shortly before the hearing.  Petitioner stated that the attorney, after

speaking with the judge, returned Petitioner's money, told Petitioner he could not

represent him, and left.  Petitioner argued that, under these circumstances, and in light of

the nature of the hearing and the alleged probation violation, he was entitled to either the

---

[1]     The sole avenue to challenge a probation revocation in Missouri is through a state habeas petition under  Missouri Supreme Court Rule 91.  *See Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029 (E.D. Mo. 2003) (discussing Missouri law).

appointment of counsel or more time to retain private counsel.

Second, Petitioner argued that his due process rights were violated when the probation court failed to consider mitigating circumstances that led to Petitioner's probation violation and failed to consider alternatives to incarceration.

Third, Petitioner argued that he received ineffective assistance of counsel when the private attorney he retained to represent him at the hearing abandoned him.  Finally, Petitioner argued that state law required the probation court to articulate the grounds for denying Petitioner's request for counsel and that the court failed to do so.

On September 12, 2016, the state habeas court denied the petition.  First, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973), the court held that the right to counsel in probation revocation hearings is discretionary and was not required here.  The state habeas court reasoned that there was a single, undisputed violation that was not complex, and that Petitioner was able to effectively present his mitigating evidence through cross-examination of the State's witness and through his own testimony.  The court also noted that the hearing was twice continued to give Petitioner time to retain counsel and that further continuances were not required by due process.

Next, the state habeas court held that the record contradicted Petitioner's claims regarding his opportunity to present mitigating evidence, that the probation court in fact heard and considered the mitigating evidence, and that in light of the charges and Petitioner's history as a repeat offender, the probation court did not abuse its discretion in revoking Petitioner's probation and ordering incarceration.

Third, the state habeas court held that Petitioner did not provide sufficient proof

6

that an attorney-client relationship was formed with the attorney who allegedly

abandoned him because there was no evidence that Petitioner received legal advice from

the attorney or that the attorney intended to provide Petitioner with legal advice.

Finally, the state habeas court held that Missouri law did not require the probation

court to state the reasons for denying Petitioner's request for counsel because Petitioner

did not clearly request the appointment of counsel and, in any event, Petitioner was

admittedly not indigent and was therefore not entitled to the appointment of counsel.

Petitioner also petitioned the Missouri Court of Appeals for a writ of habeas

corpus on December 16, 2016, which that court summarily denied on December 19,

2016.  And he petitioned the Missouri Supreme Court for a writ on May 12, 2017, which

was summarily denied on June 27, 2017. [2]

**Federal Habeas Petition**

Petitioner filed the instant petition for federal habeas relief on March 31, 2017,

which is the date that he placed it in the prison mailing system.  Petitioner titled his first

ground for relief: "unlawful guilty plea; and ineffective assistance of counsel; lack of

jurisdiction over subject matter / lack of standing," and referred to an attached affidavit

for supporting facts.  ECF No. 1 at 5.  In the spaces provided for listing his second, third,

and fourth grounds, Petitioner simply wrote: "See attached notice / affidavit non-

exhausted?"  *Id.* at 6-10.  In the affidavit attached to his petition, Petitioner did not

---

[2]     The denial of state habeas petition is not appealable under Missouri law; instead, if
the petitioner believes a writ should have issued, the remedy is to file a new petition in a
higher state court. *See Davis*, 296 F. Supp. 2d at 1030  (discussing Missouri law).  There
is no time limit for filing state habeas petitions under Rule 91.  *Id.*

describe the factual bases for his federal habeas claims, but he stated that he was merely seeking to preserve his rights by filing his federal habeas petition while he attempted to exhaust his claims in state court.[3]  *See* ECF No. 1-1.

On August 17, 2017, this Court issued an Order to Show Cause as to why Petitioner's federal habeas petition should not be dismissed as untimely.  ECF No. 4.  The Court explained that, under 28 U.S.C. § 2244(d), a petitioner has one year from the date that his judgment of conviction becomes final within which to file a petition for writ of habeas corpus; that if no direct appeal is taken, as here, a Missouri conviction becomes final ten days after the judgment is entered, *see* Mo. R. Civ. P. § 81.04(a); and that, in Missouri, a suspended execution of sentence is a final judgment, *see Edwards v. Missouri,* 215 S.W.3d 292, 295 (Mo. Ct. App. 2007).  The Court noted that Petitioner's judgment became final on October 30, 2011, ten days after he pled guilty and received a suspended execution of sentence, and that § 2244(d)'s limitations period expired one year later, on October 30, 2012. Thus, it appeared that the petition was time-barred.

On September 20, 2017, Petitioner responded to the Court's Order to Show Cause and requested that equitable tolling apply and that he be permitted to amend his federal habeas petition with new claims that he recently exhausted in state court.  As best the

---

[3]     The affidavit is lengthy and contains numerous references to irrelevant legal doctrines and to frivolous arguments that the Court has disregarded, including that Petitioner is a "Private Natural Man of Flesh and blood" who owes his "allegiance [sic] and fealty as a Subject of the Kingdom of Heaven, under its King, Christ, and NOt to ANY government, state or federal . . . ."  *See generally* ECF No. 1-1; *see also United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986) (deeming "entirely frivolous" appellants' argument that the court lacked personal jurisdiction over them because they were "Natural Freemen" and not a "juristic identity").

8

Court can discern from Petitioner's response (ECF No. 9), Petitioner sought to assert the following claims: (1) that he was improperly denied counsel at his probation revocation hearing; (2) that he was denied due process when his probation was revoked; (3) that his probation was revoked in breach of his plea agreement because he was wrongfully terminated from DWI court; and (4) that he was unaware that by pleading guilty he risked serving a sentence of 15 years if he violated the terms of his probation.[4]  *See* ECF No. 9.

Respondent filed a response to the habeas petition on April 4, 2018.  In it, Respondent argues that the federal habeas petition is time-barred and that Petitioner's new claims challenging his probation revocation do not relate back to the original petition for statute-of-limitations purposes.  Respondent further argues that each of Petitioner's claims is without merit.[5]

---

[4]   Petitioner's response does not refer to the other claims raised in his state habeas petition, that his counsel abandoned him at the probation revocation hearing or that the probation court erred in failing to state the reasons for denying Petitioner's request for counsel.

[5]   In July 2018, after Respondent filed his response to the instant habeas petition, Petitioner was again released on parole.  Upon review of the Missouri Department of Corrections Offender Search website, of which this Court takes judicial notice, Petitioner remains on parole as the of the date of this Memorandum & Order.  *See* https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do.  However, because the original five-year term of probation was set to expire in 2016 and because the Court is uncertain when the current term of probation will end, the probation revocation may have continuing consequences.  The Court will therefore assume, without deciding, that the habeas petition is not moot.  *See, e.g.*, *United States v. Rhone*, 647 F.3d 777, 779 n.2 (8th Cir. 2011) ("[B]ecause Rhone's original term of supervised release was to expire in January 2012, and the new term imposed after revocation will not end until January 2013, the revocation has continuing consequences, and the appeal is not moot.").

On November 21, 2018, Petitioner filed a lengthy traverse.[6]  *See* ECF No. 31.  To the extent that Petitioner raises any new claims in his traverse, the Court has not considered them.  *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) (holding that federal habeas courts need not consider arguments first raised in a reply brief).

## DISCUSSION

### Legal Standard

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.  § 2254(a).   Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that habeas relief cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.  § 2254(d).

### Claims Challenging Underlying Plea and Conviction

To the extent that Petitioner asserts any claim challenging his underlying guilty plea and conviction, that claim is barred by the statute of limitations, for the reasons set

---

[6]   For example, the traverse repeated Petitioner's argument that "PATRICK T. O'NEALL, the named 'Petitioner' is an artificial entity and not a real flesh and blood man."  *See generally* ECF No. 31.

forth in the Court's prior Memorandum and Order to Show Cause.  *See* ECF No. 4. Specifically, Petitioner's judgment became final on October 30, 2011.  *See Edwards*, 215 S.W.3d at 295 (holding that a suspended execution of sentence is a final judgment); Mo. R. Civ. P. § 81.04(a) (stating that if no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered).  Therefore, § 2244(d)'s limitations period expired on October 30, 2012, and Petitioner did not take any state court action to toll the limitations period before it expired.  *See Garrett v. Dormire*, No. 4:10CV1861 CDP, 2011 WL 4445839, at *4 (E.D. Mo. Sept. 26, 2011) ("Although a pending state post-conviction motion tolls the running of the statute of limitations, Garrett did not file a motion for post-conviction relief until after his probation had been revoked and the suspended sentence was executed[, which was] was more than four months after [] the time limits under 28 U.S.C. § 2244 had expired.").

Moreover, the claim contained in Petitioner's original federal habeas petition fails for the separate reason that it is conclusory.  Petitioner simply offered no explanation of the factual basis supporting his claim.  Rather, Petitioner relied a single sentence stating: "The State Court Judgment is VOID; unlawful guilty plea; and ineffective assistance of counsel; lack of jurisdiction over subject matter / lack of standing."  ECF No. 1 at 5. Such conclusory allegations are simply insufficient to warrant federal habeas relief.  *See, e.g.*, *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001).

To the extent that Petitioner asserted a new claim in his response to the Court's Order to Show Cause,[7] that his plea was rendered involuntary or the result of ineffective assistance of counsel because he was unaware that by pleading guilty he risked serving a 15-year sentence if he violated the terms of his probation, that claim, too, is barred by the statute of limitations for the reasons discussed above.

Further, the claim is procedurally defaulted. Under the doctrine of procedural default, a federal habeas court is barred from considering the merits of a claim not fairly presented to the state courts, absent a showing by the petitioner of cause for the default and prejudice resulting therefrom, or that he is actually innocent, such that a miscarriage of justice would result by failing to consider the claim. *E.g., Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011).

Petitioner raised claims of ineffective assistance of plea counsel and involuntariness of guilty plea in his amended motion for post-conviction relief, but he failed to pursue the claims on appeal. The Court's review of such a claim is therefore barred.[8] Petitioner has also failed to show that a miscarriage of justice will result if his defaulted claim is not considered.

---

[7] The Court notes that, although Petitioner sought leave to amend his petition, he was not granted such leave and never formally amended his petition. But because the Court did not rule on the request for leave to amend, the Court has considered the claim as if the petition were so amended.

[8] Petitioner has not asserted that post-conviction appellate counsel was ineffective for failing to preserve the claims, and in any event, ineffective assistance of post-conviction appellate counsel has not been recognized as cause to excuse such procedural default. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

**Claims Challenging Probation Revocation**

Regarding Petitioner's challenges to his probation revocation as stated in his response to the Court's Order to Show Cause,[9] each fails because the state court reasonably rejected it or because it is unexhausted and is otherwise without merit.[10]

1. Right to Counsel

The Supreme Court has held that "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most [probation] revocation hearings." *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Only in certain cases does "fundamental fairness" require the appointment of counsel for probationers. *Id.* Thus, the "decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." *Id.*

In holding that counsel was not required here, the state habeas court correctly noted that there is no precise set of guidelines for determining when counsel is necessary.

---

[9]   The Court notes again that, although Petitioner sought leave to amend his petition to add such claims, he was never granted such leave and never actually amended his petition. Nevertheless, Respondent has responded to these claims, and the Court has considered them as if the petition were so amended.

[10]   Because the Court finds that the claims are without merit, it need not address Respondent's more complicated argument regarding the timeliness of these claims. *See Davis*, 296 F. Supp. 2d at 1030 (noting that the statute-of-limitations analysis for federal habeas claims challenging probation revocation in Missouri may be complicated because the federal limitations period is tolled during the state's review of such claims, and because Missouri requires that such claims be presented in state habeas petitions, which are not appealable but must be filed separately in each higher court and which are not subject to any time limit).

*See id.*  The state habeas court also expressly considered all of the factors suggested by

*Gagnon*, including that there was a single, undisputed probation violation, that the case

was not complex, and that Petitioner was able to effectively present his mitigating

evidence through cross examination of the State's witness and through his own

testimony.  *See id.* at 787-791 (discussing these factors and also noting that mitigating

evidence in the form of the probationer's excuse for violating the probation condition "is

often not susceptible of proof or is so simple as not to require either investigation or

exposition by counsel").  The decision was not an unreasonable application of the law or

the facts.

2. Due Process

Due process requires in this context requires:

(a) written notice of the claimed violations of (probation or) parole;
(b) disclosure to the (probationer or) parolee of evidence against him; (c)
opportunity to be heard in person and to present witnesses and documentary
evidence; (d) the right to confront and cross-examine adverse witnesses
(unless the hearing officer specifically finds good cause for not allowing
confrontation); (e) a 'neutral and detached' hearing body such as a traditional
parole board, members of which need not be judicial officers or lawyers; and
(f) a written statement by the factfinders as to the evidence relied on and
reasons for revoking (probation or) parole.

*Id*. at 786.  The probationer is also entitled to an opportunity to show that he did not

violate the conditions of his probation, that there was a justifiable excuse for any

violation, or that revocation is not the appropriate disposition.  *Black v. Romano*, 471

U.S. 606, 614 (1985).  However, "nothing . . . requires a sentencing court to state

explicitly why it rejected alternatives to incarceration," when revoking probation.  *Id.*

Petitioner alleges a variety of due process violations.  First, Petitioner alleges that

he was not given proper notice of the revocation hearing.  *See* ECF No. 9 at 3-4.  This claim is unexhausted having never been presented to the state courts, but in any event is without merit.  *See* 28 U.S.C. § 2254(b)(2) (permitting the denial of an unexhausted habeas claim on the merits).  The state court docket sheet, of which this Court takes judicial notice, demonstrates that Petitioner appeared in person on three occasions to ask for continuances of his revocation hearing, and Petitioner in fact appeared at the April 11, 2013 hearing, suggesting that he had notice of the hearing.  *See* Resp. Ex. E at 6-7.  Petitioner has simply presented no evidence to the contrary.

Next, Petitioner alleges that he was denied his right to present mitigating evidence.  ECF No. 9 at 4.  Petitioner asserted this claim in his state habeas petition, and the state court reasonably held that the record contradicted Petitioner's assertion.  Petitioner was given the opportunity to present mitigating evidence through his cross-examination of the State's witness and through his own testimony.  The probation court considered and rejected Petitioner's mitigating evidence, stating its reasons for doing so.  Petitioner's disagreement with the probation court's reasoning does not warrant federal habeas relief.  *See Black,* 471 U.S. at 613 ("[T]he fairness guaranteed by due process does not require a reviewing court to second-guess the factfinder's discretionary decision as to the appropriate sanction.").

Finally, Petitioner alleges that the probation court was biased.  This claim, too, is unexhausted, but in any event, Petitioner provides no support for the bare assertion.  The Court thus rejects it as conclusory.

3. <u>Breach of Plea Agreement</u>

In his final claim, Petitioner asserts that the "State breached the plea, along with the judge when they refused to allow Petitioner representation and to present evidence at the hearing, that would have exculpated wrong doing . . . ." ECF No. 9 at 7. This claim, too, is unexhausted, having never been presented to the state courts, and also meritless for the reasons stated above. The record undisputedly demonstrates that Petitioner pleaded guilty in exchange for probation, that a condition of his probation was to complete DWI court, and that he violated that condition.[11] The source of any rights to counsel or to present mitigating evidence in connection with the probation violation in this case is the U.S. Constitution, not the plea agreement, and those rights were not violated.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (standard for issuing a Certificate of Appealability) (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Patrick Thomas O'Neall for a writ of habeas corpus relief is **DENIED**.

---

[11]     As noted above, any claim regarding the validity of Petitioner's guilty plea or the effectiveness of plea counsel is untimely and has been procedurally defaulted.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2020.